# In the United States District Court for the Southern District of Georgia Brunswick Division

UNITED STATES OF AMERICA,

v.

TYRONE MIDDLETON,

Defendant.

CR 216-012-18

## ORDER

Before the Court is Defendant Tyrone Middleton's motion to reduce his sentence pursuant to 18 U.S.C. 3582(c), as modified by the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). Dkt. No. 999. For the reasons below, Middleton's motion is **DISMISSED**.

## BACKGROUND

On September 15, 2016, pursuant to a written plea agreement, Middleton pleaded guilty to possession of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. Dkt. Nos. 482, 483. In May 2017, the Court sentenced Middleton, who qualified as a career offender, to 112 months' imprisonment with the Bureau of Prisons ("BOP"). Dkt. No. 702. Middleton did not directly appeal. In January 2018, Middleton filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. That motion is still pending. According to the BOP website,

Middleton is incarcerated at FCI Jesup in Jesup, Georgia, with a projected release date of May 9, 2024.

**DISCUSSION**

Now Middleton moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c). Therein, Middleton requests "an order reducing his sentence to time served based on the harshness of his sentence in contrast to his offense and family circumstances." Dkt. No. 999. Before a prisoner can file a motion under § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).

Although Middleton asserts that he has exhausted his administrative remedies because the Warden did not respond to his reduction-in-sentence (RIS) request within the required thirty-day period, he does not produce evidence to support that contention. Moreover, he does not indicate what kind of communication he submitted, i.e. whether he submitted a RIS based on compassionate release. As a result, Middleton has not shown that he submitted a valid administrative request triggering the statutory thirty-day deadline. Furthermore, even if he did submit a valid request, Middleton has not shown that

2

thirty days have passed without a response from the Warden or that the Warden, in fact, denied his request.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Middleton has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Middleton's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))). Accordingly, Middleton's motion is **DISMISSED**.

Alternatively, the Court finds that Middleton is not seeking compassionate release at all, but rather trying to collaterally attack his conviction. See United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) ("[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255

3

motion."). Through his motion, Middleton is attacking his sentence and his armed career criminal status. Middleton already has a § 2255 motion pending. To the extent Middleton is attempting to file a new or successive § 2255 motion, he must first obtain permission from the Court of Appeals. Accordingly, Middleton's motion is **DISMISSED**.

## CONCLUSION

Middleton's motion to reduce his sentence on the basis of compassionate release is **DISMISSED** for lack of jurisdiction. Dkt. No. 999. Alternatively, Middleton's successive § 2255 motion is **DISMISSED** for lack of jurisdiction. Id.

**SO ORDERED**, this 20 day of July, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA