
FILED
John E. Triplett, Acting Clerk
United States District Court
By CAsbell at 12:33 pm, Jul 31, 2020

# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| TYRONE MIDDLETON, | * | |
| | * | |
| Movant, | * | CIVIL ACTION NO.: 2:18-cv-6 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No.: 2:16-cr-12) |
| | * | |
| Respondent. | * | |

## O R D E R

Presently before the Court is the Government's Amended Response and Concession to Middleton's Right to Appeal as Requested in his 28 U.S.C. § 2255 Motion. Dkt. No. 27. Based on this filing and for the reasons which follow, the Court:

1. **GRANTS** Ground One of Tyrone Middleton's 28 U.S.C. § 2255 Motion (counsel failed to file direct appeal), which the Court construes as a request to file an out-of-time appeal;

2. **DISMISSES without prejudice** all other claims Middleton raises in his Motion and **DENIES as moot** all other pending Motions associated with Middleton's § 2255 Motion;

3. **VACATES** the judgment in Middleton's criminal case, **RE-IMPOSES** the identical sentence, and **CLOSES** this § 2255 case; and

AO 72A
(Rev. 8/82)

4. **DIRECTS** United States Magistrate Judge Benjamin Cheesbro to appoint counsel under the Criminal Justice Act to assist Middleton with his direct appeal.

## BACKGROUND

Middleton was indicted and charged with conspiracy to possess with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 846 (Count 1), and possession of cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 12). United States v. Middleton, 2:16-cr-12 ("Crim. Case"), Dkt. No. 3. Middleton's appointed attorney, Donald Forsyth, filed numerous pre-trial motions on his behalf, including a motion to dismiss charges and a motion to dismiss the indictment. Crim. Case, Dkt. Nos. 228-55.

After the pretrial motions were filed, the Government filed a notice of plea agreement. Crim. Case, Dkt. No. 448. In that agreement, Middleton agreed to plead guilty to the possession charge (Count 12), and, in return, the Government agreed to move to dismiss the conspiracy charge against Middleton (Count 1), not object to a three-level reduction for acceptance of responsibility, if recommended, and not file a 21 U.S.C. § 851 notice of enhancement, if applicable. Crim. Case, Dkt. No. 483, p 2. The Court held a change of plea, or Rule 11, hearing, during which Brunswick Police Department Detective Michael Sapp provided the factual basis for the plea. Specifically,

Detective Sapp described the investigation of a group with gang ties that distributed cocaine, among other drugs, and that he used a confidential informant to buy crack cocaine from Middleton on September 17, 2015. Crim. Case, Dkt. No. 846, pp. 19-20. The Court accepted Middleton's guilty plea to Count 12. Crim. Case, Dkt. No. 482. The Court directed the United States Probation Office to prepare a pre-sentence investigation report ("PSR"). Crim. Case, Dkt. No. 846, p. 21. After conducting a hearing and considering any objections raised, the Court sentenced Middleton to 112 months' imprisonment on Count 12, which was a downward departure from the 151 to 188 months recommended under the advisory Guidelines. Crim. Case, Dkt. No. 847.

Mr. Forsyth filed a post-conviction consultation certificate stating he fully explained the appellate process with Middleton, advised Middleton of the advantages and disadvantages of filing an appeal, and asked Middleton about whether he wanted to file an appeal. Crim. Case, Dkt. No. 757. In light of this discussion, the certificate states Middleton decided not to file an appeal; Middleton and Mr. Forsyth both signed this certificate. Id. Middleton did not file a direct appeal.

Middleton did file a § 2255 Motion to challenge his sentence and conviction. Dkt. No. 1. The Government filed a

Response, as supplemented and amended. Dkt. Nos. 8, 12, 27. Middleton filed a Reply. Dkt. No. 13. As relevant here, Middleton contends he specifically told Mr. Forsyth to file a notice of appeal on his behalf, but Mr. Forsyth failed to do so. Dkt. No. 1, p. 4. Middleton states Mr. Forsyth told him he could not appeal because the Court did not "oversentence" him and that he would have to file a § 2255 motion. Id.

Magistrate Judge Benjamin Cheesbro scheduled a hearing on the narrow issue of whether Middleton advised Mr. Forsyth to file an appeal on his behalf and what occurred between Middleton and counsel after this directive, as Magistrate Judge Cheesbro could not resolve the issue based only on the parties' submissions. Dkt. Nos. 25, 26. In response, the Government "determined that Middleton did timely request his lawyer to file an appeal and it was not filed." Dkt. No. 27, p. 1. Thus, the Government concedes, despite Middleton's written waivers of appeal, he should be allowed to file an out-of-time appeal. Id.

## DISCUSSION

It is well-settled that waiver of appeal[1] provisions in plea agreements are enforceable if the waivers are knowing and

---

[1] "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004).

voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)); Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). Nevertheless, "[c]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). "Even assuming that a rational defendant would not have wanted to appeal the case, [where a defendant] expressly communicated to his attorney his desire to appeal . . .[,] Flores-Ortega mandates that the attorney conduct a specific type of consultation, informing his client about the advantages and disadvantages of appealing and making a reasonable effort to determine the client's wishes." Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005). It is well-settled that an attorney's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel. Flores-Ortega, 528 U.S. at 470, 483-86; Gaston, 237 F. App'x at 495.

Here, Middleton's plea agreement contained an appeal waiver. In addition, the post-conviction certification indicates Middleton did not wish to file a direct appeal. Crim.

5

Case, Dkt. Nos. 483, 757. However, Middleton states Mr. Forsyth erred by failing to file a notice of appeal on his behalf, despite Middleton specifically telling Mr. Forsyth to do so. Dkt. No. 1, p. 4. Additionally, the Government concedes Middleton should be able to file an out-of-time appeal. Dkt. No. 27, p. 1.

When a court determines an out-of-time appeal is the proper remedy in a § 2255 proceeding, the remedy should be effected in the following manner:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). "The purpose of the Phillips out-of-time appeal remedy is to restore the defendant to the same position that he would have been in had his lawyer filed a timely appeal on his behalf." United States v. Palacios, 516 F. App'x 734, 738 (11th Cir. 2013) (citing McIver v. United States, 307 F.3d 1327, 1331 (11th Cir. 2002)). The Court employs these procedures to re-institute Middleton's right to appeal.

In light of Middleton being allowed to file an appeal, the Court declines to address the remaining ineffective assistance of counsel claims Middleton raises in his § 2255 Motion and **DISMISSES without prejudice** these claims. See United States v. Wiles, 563 F. App'x 692, 695 (11th Cir. 2014) (directing movant to raise in properly filed § 2255 motion ineffective assistance claims not addressed by district court granting relief on lost appeal claim).

## CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Ground One of Middleton's § 2255 Motion, which the Court construes as a request to file an out-of-time appeal;

2. **DISMISSES without prejudice** all other claims Middleton raises in his Motion and **DENIES as moot** all other pending Motions associated with Middleton's § 2255 proceedings, dkt. nos. 17, 20, 23, 28;

3. **VACATES** the judgment in Middleton's criminal case, Crim. Case, dkt. no. 702, **RE-IMPOSES** the identical sentence,[2] and **CLOSES** this § 2255 case;

---

[2] The purpose of this resentencing is only to "reset the clock" to allow "for filing an appeal by entering a new judgment identical to the first but for the effective date," which does not raise due process concerns. Palacios, 516 F. App'x at 739 (citing United States v. Parrish, 427 F.3d 1345, 1347-48 (11th Cir. 2005)).

4.   **DIRECTS** United States Magistrate Judge Benjamin Cheesbro to appoint counsel under the Criminal Justice Act to assist Middleton with his direct appeal; and

5.   **ADVISES** Middleton as follows:

    a.   Middleton has the right to a direct appeal with the Eleventh Circuit Court of Appeals, with the assistance of counsel, free of charge, if he is indigent.

    b.   To exercise this right, Middleton must timely file a notice of appeal and comply with all appellate form completion and briefing obligations.

    c.   With few exceptions, any notice of appeal must be filed within fourteen days of the re-imposition of sentence.

    d.   If Middleton cannot pay the filing fee associated with filing an appeal, he may move to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this  31  day of  July , 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA