FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 11:18 am, Sep 23, 2020

# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 216-012-18 |
| TYRONE MIDDLETON, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Tyrone Middleton's motion for reconsideration of this Court's Order dismissing his motion for compassionate release.  Dkt. No. 1010.  For the reasons below, Middleton's motion is **GRANTED in part and DENIED in part.**

### BACKGROUND

On September 15, 2016, pursuant to a written plea agreement, Middleton pleaded guilty to possession of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.  Dkt. Nos. 482, 483.  In May 2017, the Court sentenced Middleton, who qualified as a career offender, to 112 months' imprisonment with the Bureau of Prisons ("BOP").  Dkt. No. 702.  Middleton did not directly appeal.  In January 2018, Middleton filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  The Court recently issued a ruling on that motion, granting and denying it in part, vacating the

judgment in his criminal case, and reimposing the identical sentence.[1] Dkt. No. 1013. On July 14, 2020, Middleton filed a motion for compassionate release. Dkt. No. 999. The Court found that Middleton had failed to exhaust his administrative remedies and dismissed the motion for lack of jurisdiction. Dkt. No. 1005. Middleton now moves the Court for reconsideration of that Order. Dkt. No. 1010. According to the BOP website, Middleton is incarcerated at FCI Jesup in Jesup, Georgia, with a projected release date of May 9, 2024.

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). In Middleton's original motion, he did not provide the Court with enough information to determine whether he had exhausted his administrative remedies. See Dkt. No. 999. Through his supplemental filing, Middleton has shown the Court that he submitted a Reduction in Sentence ("RIS") request based upon compassionate release to the Warden of his facility on

---

[1] Middleton has filed an appeal of that Order. Dkt. No. 1020. Middleton's civil appeal does not affect the Court's jurisdiction to rule on his motion for reconsideration filed in his criminal case.

2

or about June 2, 2020. Dkt. No. 1010 at 3. The Warden denied the request over thirty days later, on July 16, 2020. Id.

The Court finds that Middleton has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c). The Court also finds, however, that Middleton is not seeking compassionate release at all, but rather trying to collaterally attack his conviction. Dkt. No. 1010 (seeking reduction in sentence "due to 'harshness of sentence'"); see also United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) ("[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion."). As the Court stated in its previous Order, Middleton had already filed a § 2255 motion. To the extent Middleton is attempting to file a new or successive § 2255 motion, he must first obtain permission from the Court of Appeals.

## CONCLUSION

To the extent Middleton's moves the Court to reconsider its Order finding that he had failed to exhaust his administrative remedies, Middleton's motion is **GRANTED**. Dkt. No. 1010. However, to the extent Middleton moves the Court for compassionate release, his motion is **DENIED**. Id.

3

**SO ORDERED,** this 23 day of September, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA