FILED
John E. Triplett, Acting Clerk
United States District Court

By mgarcia at 1:51 pm, Oct 09, 2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

TYRONE MIDDLETON

Case No. 2:16cr012-18

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of         is reduced to

   . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Middleton asserts that both his medical condition and family circumstances qualify as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c) warranting compassionate release.  The Court finds that Middleton has not met his burden under § 3582(c).  First, though Middleton has provided the Court with a copy of the Warden's untimely denial of his reduction-in-sentence ("RIS") request, the Court does not have a copy of the RIS request; thus, the Court cannot ascertain whether Middleton has exhausted his administrative remedies with regard to both categories.  Secondly, Middleton has provided insufficient evidence regarding both of his alleged qualifying categories.  With regard to his medical condition, Middleton—a thirty-seven year old—provides medical records from 2018 which reflect his diagnosis with intraventricular hemorrhage plus ejection fraction of fifty percent.  Middleton does not argue or provide evidence regarding his current condition or whether his ability to engage in self-care within his facility is substantially limited.  With regard to his family circumstances, Middleton states in a previous motion that his wife is unable to care for their ten-year old child because she has fibromyalgia, herniated discs,

3

and bipolar disorder.  Middleton asserts that other than childcare for which he must pay, he is the only one who can care for their child.  Middleton has provided no evidence of these assertions.  Based on the record before it, the Court cannot conclude that extraordinary and compelling reasons exist to warrant Middleton's compassionate release.

Moreover, the 18 U.S.C. § 3553(a) factors weigh in favor of denying Middleton's motion and allowing him to serve the sentence imposed.  Middleton has been designated a career offender because he has a substantial criminal history.  Additionally, he has filed numerous motions collaterally attacking both his conviction and sentence.  These motions are evidence that Middleton has failed to take responsibility for his actions.  Finally, Middleton has over three and one-half years of his sentence left to serve.  To grant Middleton compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: October 9, 2020

_____
UNITED STATES DISTRICT JUDGE